UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FREDERICK J. NERONI,

                Plaintiff,

      -against-                                              3:13-cv-0127 (LEK/DEP)

STEVEN D. ZAYAS, *et al.*,

                Defendants.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

This matter returns before the Court on Defendants' Motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).[1] Dkt. Nos. 66 ("Motion"); 66-2 ("Memorandum").[2] Defendants seek to dismiss the remainder of Plaintiff Frederick J. Neroni's ("Plaintiff") Amended Complaint. Mem. at 1; Dkt. No. 4 ("Amended Complaint"). For the following reasons, Defendants' Motion for judgment on the pleadings is granted.

**II.    BACKGROUND**[3]

The Court briefly recounts the facts of the case necessary to the resolution of the present

---

[1] The remaining Defendants are: Steven D. Zayas ("Zayas"), staff attorney of the Third Department Committee on Professional Standards (the "Committee"); Monica Duffy ("Duffy"), Chairperson of the Committee; Karen Peters ("Peters"), Chief Justice of the Third Department; Eric Schneiderman ("Schneiderman"), New York State Attorney General (collectively, the "State Defendants"); and Richard D. Northrup, Jr. ("Northrup"), District Attorney of Delaware County New York (together with the State Defendants, "Defendants").

[2] Northrup has filed a Response supporting the State Defendants' Motion seeking dismissal of Plaintiff's Complaint. Dkt. No. 68.

[3] In deciding a Rule 12(c) Motion, a court must accept all factual allegations in the plaintiff's complaint as true and draw all reasonable inferences in the plaintiff's favor. See Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010).

Motion. For a more complete statement of the facts, reference is made the Court's March 31, 2014, Memorandum-Decision and Order. Dkt. No. 46 ("Order").

Plaintiff commenced this action under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, on February 3, 2013, alleging various constitutional violations related to his disbarment. Dkt. No. 1; Am. Compl. Plaintiff seeks monetary, declaratory, and injunctive relief. See generally Am. Compl.

Defendants moved to dismiss the Amended Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Dkt. Nos. 18; 20. On March 31, 2014, the Court granted in part Defendants' Motion, dismissing various defendants and claims. See generally Order. The following claims survived the Court's Order: (1) a claim for injunctive and declaratory relief against Zayas, Duffy, Peters, Northrup, and Schneiderman, and for monetary relief against Zayas, based on post-disbarment investigations and possible prosecution for the unauthorized practice of law related to Plaintiff's spouse's law practice; and (2) a claim for declaratory and injunctive relief against Zayas and Duffy, and for monetary relief against Zayas, based on access to the disciplinary file on which Plaintiff's disbarment was based. Order at 22.

Plaintiff's claim for relief based on post-disbarment investigations relates to two investigations for unauthorized practice of law initiated by the Committee since Plaintiff's disbarment on July 7, 2011, by the New York State Supreme Court Appellate Division, Third Department. Am. Compl. ¶¶ 17, 34. The first investigation occurred in November 2011, when a non-attorney local criminal court justice attempted to serve legal papers on Plaintiff's spouse at their residence in Delhi, New York. Id. ¶¶ 2, 37. Plaintiff's spouse is an attorney and maintains a home

2

office at their residence. Id. ¶ 37. Plaintiff accepted service at the justice's insistence.[4] Id. ¶ 38. The justice then reported Plaintiff to the Committee for unauthorized practice of law, alleging that Plaintiff had accepted service on an attorney's behalf and had been sitting at his computer and talking to a man, while another man was walking through the door. Id. ¶ 39. Plaintiff claims the men were contractors who were remodeling his kitchen. Id. ¶ 42. The Committee investigated the complaint and sent Plaintiff a questionnaire, asking Plaintiff to identify the men in his house and what Plaintiff had been doing with them. Id. ¶ 44. Plaintiff answered the questionnaire and the Committee subsequently informed Plaintiff that the complaint was unfounded. Id. ¶ 48. The Committee initiated a second investigation against Plaintiff based on charges that Plaintiff had served documents for proceedings in which his spouse was involved.[5] Id. ¶ 49. Plaintiff only became aware of the second investigation when the Committee notified him that the charges were unfounded. Id. ¶ 50.

## III. LEGAL STANDARD

In considering a Rule 12(c) motion, courts "employ[] the same standard applicable to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6)." In re Thelen LLP, 736 F.3d 213, 218 (2d Cir. 2013) (quoting Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009) (internal quotation marks and alteration omitted)). Thus, a court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor." Hayden, 594 F.3d at 160. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[4] Under New York Law, service may be effected on an attorney by leaving papers with "a person of suitable age and discretion" at the attorney's residence. N.Y. C.P.L.R. § 2103(b)(4).

[5] Under New York law, a person may serve legal papers so long as they are at least eighteen years of age and not a party to the action. N.Y. C.P.L.R. § 2103(a).

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint may be dismissed only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

## IV. DISCUSSION

### A. Federal Rule of Civil Procedure 12(g)(2)

Before addressing the merits of Defendants' Motion, the Court must first consider whether the Motion is barred under Federal Rule of Civil Procedure 12(g)(2). Rule 12(g)(2) states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2). Defendants have already made a Motion under 12(b)(6) to dismiss Plaintiff's Complaint, Dkt. No. 18, but now purport to raise different issues, Dkt. No. 73 ("Reply") at 1. Plaintiff argues that Defendants should be barred from making a second Motion to dismiss Plaintiff's Amended Complaint. Dkt. No. 70 ("Response") at 1.

Under Rule 12(h)(2), a party may raise a 12(b)(6) failure-to-state a claim defense that it omitted from an earlier motion, (1) in any pleading allowed or ordered under Rule 7(a); (2) by a motion under Rule 12(c); or (3) at trial. FED. R. CIV. P. 12(h)(2); see also Albers v. Bd. of Cnty. Comm'rs, 771 F.3d 697, 701 (10th Cir. 2014) ("[A]lthough Rule 12(g)(2) precludes successive motions under Rule 12, it is expressly subject to Rule 12(h)(2)."); Ennenga v. Starns, 677 F.3d 766,

4

773 (7th Cir. 2012) ("Rule 12(h)(2) specifically expects failure-to-state a claim defenses from the Rule 12(g) consolidation requirement."); Clark St. Wine & Spirits v. Emporos Sys. Corp., 754 F. Supp. 2d 474, 480 (E.D.N.Y. 2010) (allowing successive 12(b)(6) motion where it could be construed as a Rule 12(c) motion). Therefore, Defendants are not barred from raising their failure-to-state a claim defense because the instant Motion is brought under Rule 12(c).

**B. Analysis**

Defendants move to dismiss Plaintiff's remaining claims on the following grounds: (1) the Committee's post-disbarment investigations did not violate Plaintiff's constitutional rights and Plaintiff is not entitled to an injunction against future investigations; (2) Plaintiff has failed to state a due process claim for the alleged denial of access to his disciplinary file; and (3) Zayas is entitled to qualified immunity. Mem. at 1.

*1. Post-Disbarment Investigations*

a. The Committee

Plaintiff seeks injunctive and declaratory relief against Zayas, Duffy, and Peters, and monetary relief against Zayas, on the ground that the Committee's post-disbarment investigations violated his constitutional rights because (1) the Committee does not have authority to investigate disbarred attorneys and (2) the Committee is not entitled to discovery in its investigations of professional misconduct. Am. Compl. ¶¶ 77-78, 81.

Plaintiff first argues that the Committee's authority is limited to overseeing attorneys, and that since a disbarred attorney is not an "attorney," the Committee does not have the authority to investigate disbarred attorneys. Resp. at 3. However, under the applicable statutes and court rules, the Committee clearly has jurisdiction over disbarred attorneys. See N.Y. JUD. LAW § 90(2); 22

5

N.Y. COMP. CODES R. & REGS. § 806.3. New York Judiciary Law § 90(2) authorizes the appellate division of the supreme court in each department to remove attorneys from practice. Any order of removal shall include a provision ordering the attorney to refrain from the practice of law in any form; any violation of such order may be punished as a contempt of court. N.Y. JUD. LAW § 90(2). The Third Department's Rules of Court provide for the appointment of the Committee, which shall investigate "all matters . . . involving alleged misconduct by an attorney in the third judicial department." 22 N.Y. COMP. CODES R. & REGS. § 806.3. Plaintiff argues that the plain language of § 806.3 limits the Committee's jurisdiction to "attorneys." However, § 90.2 provides that each appellate division may punish a violation of a disbarment order as a contempt of court; since the Committee is responsible for investigating attorney misconduct in the Third Department, it would therefore also be responsible for initiating contempt proceedings against disbarred attorneys. See In re Abbott, 572 N.Y.S.2d 467, 467 (App. Div. 1991) (contempt proceeding against disbarred attorney initiated by Committee). In Lader v. Finnerty, a state supreme court considered the exact argument made by Plaintiff, and stated that "[t]here can be no dispute that the Grievance Committee may institute a motion for contempt based upon a disbarred attorney's violation of his order of disbarment." 658 N.Y.S.2d 191, 193 (N.Y. Sup. Ct. 1997).[6]

Plaintiff also argues that only the New York State Attorney General is authorized to investigate and prosecute the unauthorized practice of law in a civil contempt proceeding. Resp. at

---

[6] Plaintiff objects to Defendants' citation of Lader because that case arose in the Second Department and involved different Rules of Court. Resp. at 2. However, the Second Department Rule of Court—like the Third Department Rule of Court—applies to all "attorneys." Compare 22 N.Y. COMP. CODES R. & REGS. §§ 691.1(a); 691.4 with 22 N.Y. COMP. CODES R. & REGS. §§ 806.1; 806.3. The plaintiff in Lader argued that the Second Department Grievance Committee only had "jurisdiction to investigate *attorneys*." Lader, 658 N.Y.S.2d at 193 (emphasis in original). Lader, therefore, is directly relevant to the present case.

5; see also N.Y. JUD. LAW § 476-a(1) (authorizing Attorney General to maintain civil and criminal actions based upon the unauthorized practice of law). However, there is no conflict between the Attorney General's authority to maintain an action for the unauthorized practice of law, and the Committee's authority to investigate attorney misconduct and bring contempt proceedings for violations of a disbarment order. See 22 N.Y. COMP. CODES R. & REGS. § 806.3; N.Y. JUD. LAW § 90(2); see also Lader, 658 N.Y.S.2d at 194 ("[T]here is no authority for the proposition that the Grievance Committee cannot conduct a concurrent investigation regarding possible contempt of the order of disbarment, while the Attorney General investigates possible 'unlawful practice of the law.'").

Plaintiff further argues that even assuming that the Committee does have the authority to initiate contempt proceedings against disbarred attorneys, it is not entitled to preliminary discovery. Resp. at 3-4. Section 806.4 of the Third Department's Rules of Court specifically establishes procedures for the investigation of professional misconduct. See 22 N.Y. COMP. CODES R. & REGS. § 806.4. Upon receipt of a complaint containing allegations sufficient to establish a charge of professional misconduct, the chief attorney of the Committee shall request a written statement from the attorney being investigated and may require that attorney to appear and be examined under oath. Id. § 806.4(b). Plaintiff fails to state a claim that these procedures for investigation preliminary to a contempt charge somehow violate his rights to privacy and freedom of association. See Resp. at 7. Plaintiff cites no authority—and the Court is aware of none—for the proposition that investigation by a grievance committee into professional misconduct might be implicate either the right to privacy or freedom of association. To the extent that those rights might be implicated by the Committee's investigations, the Court finds that any burden on Plaintiff is outweighed by the Government's

7

interests in (1) preventing professional misconduct by attorneys and (2) not bringing unfounded contempt proceedings. See Lader, 658 N.Y.S.2d at 194 ("The gravity of harm to the petitioner by the Grievance Committee's investigation is greatly outweighed by the public's interest in being protected from the unscrupulous conduct of disbarred attorneys.").

Thus, insofar as Plaintiff seeks relief against the Committee, Plaintiff has failed to state a claim upon which relief can be granted, and those claims are accordingly dismissed.

### b. Schneiderman and Northrup

Plaintiff also seeks injunctive relief against Schneiderman and Northrup to prevent future investigations and prosecution for unauthorized practice of law related to his spouse's law practice. See Am. Compl. ¶¶ 12, 14. As noted *supra*, the Attorney General is authorized to bring actions for the unauthorized practice of law. See N.Y. JUD. LAW § 476-a(1). Although the Court found in its March 31, 2014 Order that Plaintiff has standing to seek injunctive relief against prosecution for the unauthorized practice of law by the Attorney General, Order at 12, the Amended Complaint does not contain any allegations regarding the Attorney General. There are no allegations that the Attorney General has investigated or has contemplated investigating Plaintiff for unauthorized practice of law. See generally Am. Compl. Thus, to the extent Plaintiff seeks an injunction against the Attorney General, Plaintiff is seeking a broad injunction ordering the Attorney General not to bring unauthorized practice of law charges against Plaintiff for activities that do not constitute the practice of law. Such "obey the law" injunctions are disfavored because they "are vague, do not require the defendants to do anything more than that already imposed by law, subject the defendants to contempt rather than statutorily prescribed sanctions, and are not readily capable of enforcement." Rowe v. N.Y. State Div. of Budget, No. 11-CV-1150, 2012 WL 4092856, at *7 (N.D.N.Y. Sept. 17,

2012) (Kahn, J.) (citing N.L.R.B. v. Express Pub. Co., 312 U.S. 426, 435-36 (1941)). Accordingly, there is no available relief for Plaintiff against the Attorney General, and Plaintiff's claim for an injunction against future prosecution for the unauthorized practice of law is dismissed.

  *2. Access to File*

    a. Extra Pleading Materials

  Before addressing the parties' arguments, the Court notes that both parties have submitted extra pleading materials. Defendants have submitted a series of e-mails between Plaintiff's counsel and the Clerk of the Third Department regarding an appointment to view Plaintiff's file. See Dkt. No. 66-1 at Ex. A. Plaintiff has submitted voluminous exhibits, an affidavit from Plaintiff, and an affirmation from Plaintiff's counsel. See Dkt. Nos. 70-1 through 70-24.

  Under Federal Rule of Civil Procedure 12(d), if a court considers extra pleading materials on a motion under Rule 12(c), then that motion "must be treated as one for summary judgment under Rule 56 . . . [and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). "'[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.'" Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)). A court may consider documents not incorporated by reference, where the complaint "relies heavily upon [their] terms and effects." Id.

  The Court applies this standard to the e-mails Defendants seek to introduce. Defendants argue that consideration of the e-mails is appropriate because the Amended Complaint necessarily relied upon them. Mem. at 13. The Court does not agree that the e-mails are "integral" to the

9

Amended Complaint. The Amended Complaint does not rely heavily upon the terms of the e-mails. Rather, the e-mails are relevant as evidence on Plaintiff's claim that he was denied access to his file.

Therefore, the Court must either exclude the e-mails and decide Defendants' Motion on the Amended Complaint alone, or convert the Motion into one for summary judgment. Islip U-Slip LLC v. Gander Mountain Co., 2 F. Supp. 3d 296, 302 (N.D.N.Y. 2014) (quoting Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988)). "Federal courts have 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings' offered in conjunction with a Rule 12(b)(6) motion, and thus complete discretion in determining whether to convert the motion to one for summary judgment." Carione v. United States, 368 F. Supp. 2d 186, 191 (E.D.N.Y. 2005) (quoting 5C Charles Alan Wright, Federal Practice & Procedure § 1366 (3d ed. 2004)). The "essential inquiry," in determining whether to convert a motion to dismiss into a motion for summary judgment, "is whether the non-movant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." Krijn v. Pogue Simone Real Estate Co., 896 F.2d 687, 689 (2d Cir. 1990) (internal quotation marks omitted).

Here, the Court declines to consider Defendants' submission and will not convert the Motion to dismiss into a motion for summary judgment. Although Plaintiff submitted numerous exhibits of his own, there is nothing to indicate to the Court that Plaintiff had sufficient notice of the possibility that the Motion might be converted. Defendants explicitly argued that the Court should consider their submission under Rule 12, without converting to the Motion into one for summary judgment. Mem. at 13. Moreover, Plaintiff's submissions are not relevant to the issue of Plaintiff's access to

10

his file, and the record is therefore incomplete. More importantly, the Court does not find that consideration of Defendants' submission would be "likely to facilitate the disposition of the action." Carione, 368 F. Supp. 2d at 191. As discussed *infra*, the Amended Complaint fails to state a claim for Plaintiff's access to his file; dismissal of that claim is therefore proper, without reference to Defendants' submission.

For the same reasons, the Court also declines to consider Plaintiff's extra-pleading submissions. Plaintiff's submissions are largely irrelevant to his claims, and purport to show a pattern of harassment by various Committee members. Therefore, consideration of Plaintiff's submissions would not be likely to facilitate the disposition of the action.

### b. Analysis

Plaintiff claims that Defendants have denied him access to the disciplinary file on which his disbarment is based. Am. Compl. ¶ 54. Plaintiff claims that he has sought access to the file under the New York Freedom of Information Law ("FOIL") and New York Judiciary Law § 255. Id. ¶ 19. The Committee, through Zayas, has allegedly directed Plaintiff to Judiciary Law § 90(10) to access the file. Id. ¶ 67. Plaintiff asserts that he has a due process right as a subject of investigation to access the file. Id. ¶¶ 61, 69. Plaintiff requests declaratory and injunctive relief regarding his access to the file.[7] Id. ¶ 63.

As the Court has previously noted, the contours of Plaintiff's access to file claim are unclear. However, it appears from Plaintiff's Response that the file he is seeking access to is what he refers to as the Committee's "entire disciplinary file." Resp. at 10. Plaintiff seems to believe that the

---

[7] The Court has previously held that Plaintiff may only seek relief from Defendants Zayas and Duffy on his access to file claim. Order at 15.

Committee's disciplinary file contains information regarding the quorum, concurrence, and voting requirements in his disbarment proceeding. Id. Plaintiff states that this information may lead to vacation of his disbarment order. Id. at 11.

Plaintiff attempts to state a substantive due process claim for "unrestricted access to the materials of investigation." Resp. at 13. In order to make a substantive due process claim, a plaintiff must establish (1) a constitutionally protected property interest, and (2) that the defendant has arbitrarily deprived the plaintiff of that property interest. Crowley v. Courville, 76 F.3d 47, 52 (2d Cir. 1996). Plaintiff has not alleged any facts plausibly suggesting that he has been denied due process.

Plaintiff states that his FOIL request for the Committee's disciplinary file has been denied. Am. Compl. ¶ 19. To constitute a property interest, the plaintiff must have more than an "abstract need" or "expectation" of a benefit; rather, a plaintiff must have a "legitimate claim of entitlement to" the benefit. Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972). It is well established that there is no property interest in FOIL documents. See Simpson v. Town of Southampton, No. 06-cv-6743, 2007 WL 1755749, at *4 (E.D.N.Y. June 15, 2007) (citing cases). An individual making a FOIL request does "not have anything beyond a mere expectation in such documents, and, thus, do[es] not have an entitlement to requested documents that is protected by the Fourteenth Amendment." Id. The denial of Plaintiff's FOIL request therefore did not deprive Plaintiff of any constitutionally protected property interest.

Moreover, Plaintiff has not demonstrated that denial of his FOIL request was arbitrary or capricious. Plaintiff states that Defendants denied his FOIL request on the ground that the Committee is part of the judiciary and is therefore not subject to FOIL. Resp. at 16. Defendants

12

correctly state that FOIL does not apply to the judiciary. Mem. at 15 (citing <u>Pasik v. State Bd. of Law Exam'rs</u>, 478 N.Y.S.2d 270, 273 (App. Div. 1984) (holding that records of State Board of Law Examiners are exempt from disclosure under FOIL)); <u>see also</u> PUB. OFF. § 86(3) (excluding the judiciary from the definition of "agency"). Plaintiff confusingly argues that if the Committee's records are considered court records, then the Committee "becomes disqualified from prosecuting [Plaintiff] under the judge-advocate rule." Resp. at 16. This argument is without merit.

Plaintiff also claims that New York Judiciary Law § 90(10) unconstitutionally restricts his right to access the Committee's file. Plaintiff appears to object to the requirement that an individual seeking records related to an disciplinary investigation demonstrate good cause, because it "vests . . . unlimited discretion" in the Third Department. Am. Compl. ¶ 68. Plaintiff further argues that the good cause requirement is inconsistent with the records of a disbarred attorney being public. Resp. at 13. To the extent Plaintiff believes there is a contradiction here, Plaintiff is misguided: § 90(10) provides that while an investigation into attorney misconduct is on-going, an individual must demonstrate good cause to access records; when an investigation has concluded and the charges are sustained, then the records of the investigation "shall be deemed public records." N.Y. JUD. LAW § 90(10). Thus, Plaintiff is incorrect that the good cause requirement restricts access to public records.

Furthermore, while § 90(10) may make the records of an attorney disbarment public, it does not follow that those records will include the information Plaintiff is seeking. Plaintiff states that he has been informed that the Committee may not maintain the records Plaintiff is seeking—i.e., quorum, concurrences, and voting records. Resp. at 11. Yet Plaintiff has cited no authority—and the Court is aware of none—for the proposition that a subject of an investigation has a property

13

interest in the type of records he is apparently seeking.

Finally, Plaintiff argues at length regarding the transfer of his file and makes numerous allegations that various members of the Committee should have been disqualified. See Resp. at 13-23. Plaintiff suggests that the Committee transferred his file in order to impede his access to it and tamper with evidence. Id. at 12. These wholly speculative allegations do not state a claim. Insofar as Plaintiff suggests that various Committee members were subject to disqualification, those allegations fall within the scope of the Court's earlier holding that claims seeking to overturn the disbarment proceeding are barred under the Rooker-Feldman doctrine. Order at 8.

### 3. Qualified Immunity

Because the Court has found that Plaintiff's remaining claims are subject to dismissal for failure to state a claim, it need not address Defendants' argument that Zayas is entitled to qualified immunity.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion (Dkt. No. 66) for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: June 04, 2015
Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge